IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maria Araya, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 1945 |
| | ) | |
| Palisades Collection, LLC, a Delaware | ) | |
| limited liability company, Wyse Financial | ) | |
| Services, Inc., a Colorado corporation | ) | |
| and Leading Edge Recovery Solutions, | ) | |
| LLC, an Illinois limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Maria Araya, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) one Defendant is headquartered here, and all Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Maria Araya ("Araya"), is a citizen of the State of Colorado, from whom Defendants attempted to collect a delinquent consumer debt owed for a Heritage

Chase credit card, which was then allegedly owed to a bad debt buyer, Palisades Collection, LLC. These collection actions took place despite the fact that Ms. Araya had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Palisades Collection, LLC ("Palisades"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Palisades was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Palisades is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

6. Defendant, Wyse Financial Services, Inc. ("Wyse"), is a Colorado corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Wyse collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

7. Defendant, Leading Edge Recovery Solutions, LLC ("LERS"), is an Illinois limited liability company that from its headquarters in Chicago, Illinois, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent

consumer debts. LERS collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

8. Defendants Palisades, Wyse and LERS are each authorized to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all Defendants conduct business in Illinois.

9. Moreover, Defendants Palisades, Wyse and LERS are each licensed as a collection agency in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, all Defendants act as debt collectors in Illinois.

**FACTUAL ALLEGATIONS**

10. Ms. Araya is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Heritage Chase credit card. At some point in time after that debt became delinquent, Defendant Palisades bought Ms. Araya's Heritage Chase debt. When Defendant Palisades began trying to collect this debt from her, by having another debt collector, Machol & Johannes, send her an initial collection letter, dated January 28, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit C.

11. Accordingly, on March 17, 2010, one of Ms. Araya's attorneys at LASPD informed Defendant Palisades, in writing, through its agent Machol & Johannes, that Ms. Araya was represented by counsel, and directed Defendant Palisades to cease

contacting her, and to cease all further collection activities because Ms. Araya was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Nonetheless, despite being advised that Ms. Araya was represented by counsel and refused to pay the debt, Defendant Palisades had Defendant Wyse send Ms. Araya a collection letter, dated May 18, 2010, which demanded payment of the Heritage Chase debt. A copy of this collection letter is attached as Exhibit E.

13. Moreover, Defendant Palisades also had Defendant LERS send Ms. Araya a collection letter, dated January 14, 2011, which demanded payment of the Heritage Chase debt. A copy of this collection letter is attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Ms. Araya's agent, LASPD, told Defendants to cease

communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Ms. Araya was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Araya was represented by counsel, and had demanded a cessation of communications with Ms. Araya. By directly sending Ms. Araya collection letters, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Maria Araya, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Araya, and against Defendants, for

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Maria Araya, demands trial by jury.

        Maria Araya,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: March 21, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com